UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKY PATU,<br><br>                    Plaintiff,<br><br>        v.<br><br>SGT. ALEXANDER, C/O LEE, C/O LINAREZ<br><br>                    Defendants. | CASE NO. C15-5332 RJB-KLS<br><br>ORDER TO SHOW CAUSE OR TO AMEND |

Plaintiff Ricky Patu filed this civil rights complaint under 42 U.S.C. § 1983 *pro se* and *in forma pauperis.*  Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915(e), the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave to file an amended pleading by **June 26, 2015,** to cure the deficiencies identified herein.

**DISCUSSION**

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).   In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.

1991).  The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  To satisfy this second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff, who is currently incarcerated at the Monroe Correctional Complex – SOU (MCC-SOU), alleges that "sometime in 2009" while at the Pierce County Jail, he was denied a shower and medical services after he felt sick and vomited and defecated over himself.  He claims that two unidentified officers laughed at him.  He further alleges that on several unidentified occasions, C/O Lee has taken him to segregation "for no reason upon arriving back from Western State."  In addition to C/O Lee, Plaintiff purports to sue Sgt. Alexander, C/O Linarez, and the Pierce County Jail "in their official capacity," but the complaint is silent as to the conduct of these parties.

Plaintiff's complaint suffers from deficiencies that, if not corrected in an amended complaint, require dismissal.

**A.      Claim Against Pierce County Jail**

The Pierce County Jail is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action.  Section 1983 applies to the actions of "persons" acting under color of state law.  The language of § 1983 is expansive and does not expressly incorporate common law immunities. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 637, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). Municipalities are subject to suit under § 1983.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  However, "[i]n order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular

1  municipal department or facility where the alleged violation occurred.  *See Nolan v. Snohomish*

2  *County*, 59 Wash.App. 876, 883, 802 P.2d 792, 796 (1990)."  *Bradford v. City of Seattle*, 557

3  F.Supp.2d 1189, 1207 (W.D.Wash.2008) (the Seattle Police Department is not a legal entity

4  capable of being sued under § 1983).

5    Assuming that Plaintiff amends his complaint to name a particular defendant or

6  defendants, he must also be able to allege facts sufficient to show that the particular defendant or

7  defendants caused or personally participated in causing the deprivation of a particular protected

8  constitutional right.

9  **B.  Statute of Limitations**

10    The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the

11  statute of limitations from the state cause of action most like a civil rights act is used.  In

12  Washington, a plaintiff has three years to file an action.  *Rose v. Rinaldi*, 654 F.2d 546 (9th

13  Cir.1981); RCW 4.16.080(2).

14    Federal law determines when a civil rights claim accrues.  *Tworivers v. Lewis*, 174 F.3d

15  987, 991 (9th Cir.1999).  A claim accrues when the plaintiff knows or has reason to know of the

16  injury which is the basis of the action.  *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996); see

17  also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), quoting *Tworivers*, 174 F.3d at 992. The

18  proper focus is upon the time of the discriminatory acts, not upon the time at which the

19  consequences of the acts became most painful.  *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209

20  (9th Cir.1979).  Although the statute of limitations is an affirmative defense that normally may

21  not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma*

22  *pauperis* complaint where the defense is complete and obvious from the face of the pleadings or

23  the court's own records.  See *Franklin v. Murphy,* 745 F.2d 1221, 1228–30 (9th Cir.1984).

24

1    From the allegations stated in Plaintiff's complaint, it appears that he had actual notice in

2  2009 of the facts relating to the claims he seeks to pursue in this action.  Therefore, his claims

3  are not timely and he should show cause why they should not be dismissed.

4    If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an

5  amended complaint and within the amended complaint, he must write a short, plain statement

6  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the

7  person who violated the right; (3) exactly what that individual did or failed to do; (4) how the

8  action or inaction of that person is connected to the violation of Plaintiff's constitutional rights;

9  and (5) what specific injury Plaintiff suffered because of that person's conduct.  See *Rizzo v.*

10  *Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

11    Plaintiff shall present the amended complaint on the form provided by the Court.  The

12  amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original

13  and not a copy, it should contain the same case number, and it may not incorporate any part of

14  the original complaint by reference.  The Court will screen the amended complaint to determine

15  whether it contains factual allegations linking each defendant to the alleged violations of

16  Plaintiff's rights. The Court will not authorize service of the amended complaint on any

17  defendant who is not specifically linked to the violation of Plaintiff's rights.

18    If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned

19  that if the amended complaint is not timely filed or if he fails to adequately address the issues

20  raised herein on or before **June 26, 2015**, the Court will recommend dismissal of this action **as**

21  **frivolous pursuant to 28 U.S.C. § 1915**.

22  //

23  //

24  //

ORDER TO SHOW CAUSE OR TO AMEND- 4

1          **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**

2   **1983 civil rights complaint and for service.  The Clerk is further directed to send copies of**

3   **this Order and Pro Se Instruction Sheet to Plaintiff**.

4          **DATED** this 27th day of May, 2015.

5

6

Karen L. Strombom
7   United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER TO SHOW CAUSE OR TO AMEND- 5