UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKY PATU,<br><br>                    Plaintiff,<br>     v.<br><br>PIERCE COUNTY JAIL, C/O LEE,<br><br>                    Defendants. | No. C15-5332 RJB-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: June 26, 2015** |

       Plaintiff Ricky Patu, who is currently incarcerated at the Monroe Correctional Complex – SOU (MCC-SOU), is proceeding pro se and in forma pauperis. The Court declined to serve Mr. Patu's complaint (Dkt. 5) because Mr. Patu had failed to plead facts sufficient to state a claim for relief under 42 U.S.C. § 1983. Dkt. 6. However, Mr. Patu was granted leave to file an amended complaint to cure, if possible, the deficiencies noted. *Id.* Mr. Patu was instructed that his claims against the Pierce County Jail are not legally cognizable and was directed to show cause why his allegations of conduct occurring in 2009 should not be dismissed as untimely. Dkt. 6.

       On June 3, 2015, Mr. Patu filed an amended complaint. Dkt. 7. Because the amended complaint also suffers from deficiencies that cannot be cured by amendment, the undersigned recommends that this action be dismissed and the dismissal count as a strike under 28 U.S.C. § 1915(g).

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

In his amended complaint, Mr. Patu again names the Pierce County Jail as a defendant, along with Corrections Officer Lee. Dkt. 7. He indicates that he filed a grievance regarding the allegations raised in his amended complaint but that the grievance process is not complete. *Id.*, p. 2. He does not deny that the actions of which he complains occurred in 2009 while he was incarcerated at the Pierce County Jail, but requests that the Court reconsider the statute of limitations because the conduct of Pierce County Jail correctional officers caused him to suffer. *Id.*, p. 3.

**A.     Pierce County Jail**

Mr. Patu was previously advised that the Pierce County Jail is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. Section 1983 applies to the actions of "persons" acting under color of state law. The language of § 1983 is expansive and does not expressly incorporate common law immunities. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 637, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). Municipalities are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Mr. Patu was advised that he may name the county or city itself as a party to the action if he wished to challenge the actions, policies or customs of a local governmental unit. *See Nolan v. Snohomish County*, 59 Wash.App. 876, 883, 802 P.2d 792, 796 (1990)." *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (W.D.Wash.2008) (the Seattle Police Department is not a legal entity capable of being sued under § 1983).

Mr. Patu brings no viable claim against a municipality and the Pierce County Jail is not a subject to suit in a 42 U.S.C. § 1983 action. Therefore, all claims against the Pierce County Jail should be dismissed.

REPORT AND RECOMMENDATION - 2

B.  **Statute of Limitations**

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used.  In Washington, a plaintiff has three years to file an action.  *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981); RCW 4.16.080(2).

Federal law determines when a civil rights claim accrues.  *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999).  A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996); see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.  *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979).  Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records.  See *Franklin v. Murphy,* 745 F.2d 1221, 1228–30 (9th Cir.1984).

In his original complaint, Mr. Patu alleged that "sometime in 2009" while at the Pierce County Jail, he was denied a shower and medical services after he felt sick and vomited and defecated over himself.  He claimed that two unidentified officers laughed at him.  He further alleged that on several unidentified occasions, C/O Lee has taken him to segregation "for no reason upon arriving back from Western State."  In addition to C/O Lee, Plaintiff named Sgt. Alexander, C/O Linarez, and the Pierce County Jail "in their official capacity," but stated no allegations as to the conduct of these parties.   Dkt. 5.

REPORT AND RECOMMENDATION - 3

In his amended complaint, Mr. Patu brings similar allegations against the Pierce County Jail and C/O Lee only.  Notably, he omits all reference to when the alleged conduct occurred. Instead, he states "in regards to statute of limitations, I believe that I should be reconsider due to the great amount of suffering my constipation has bring.  Therefore find it in your heart to hear this legitimate case." Dkt. 7, p. 3.

Mr. Patu had actual notice in 2009 of the facts relating to the claims he seeks to pursue in this action.  He was given leave to show cause why his claims should not be dismissed on this basis and responds only that the Court should not apply the statute of limitations to his claim. However, he provides no legal or factual grounds for any exception to the statute of limitations and therefore, the amended complaint should be dismissed as untimely.

**C.    Exhaustion**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative remedies before bringing a § 1983 claim.  42 U.S.C. § 1997e(a); *Griffin*, at 1119.  To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process.  *Id*.  Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm.  *Id.* at 1120.

Mr. Patu initiated this action on May 18, 2015.  Dkt. 1.  Consequently, any claim not exhausted prior to that date may not be pursued in this action.  Exhaustion must *precede* the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action.  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002).

REPORT AND RECOMMENDATION - 4

Mr. Patu complains of conduct that occurred in 2009 while he was incarcerated at the Pierce County Jail.  He was required to utilize all formal steps of the grievance process at the Pierce County Jail prior to filing a lawsuit in federal court.  Mr. Patu concedes that he has not done so.  Therefore, his amended complaint may be dismissed on this ground as well.

## CONCLUSION

It is clear that the deficiencies in Mr. Patu's amended complaint cannot be cured by further amendment.  This case should be **dismissed without prejudice for failure to state a claim** and the **dismissal counted as a strike under 28 U.S.C. § 1915(g).**  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 26, 2015,** as noted in the caption.

**DATED** this 11th day of June, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5