UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKY PATU,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PIERCE COUNTY JAIL, C/O LEE,<br><br>　　　　　Defendants. | CASE NO. 15-5332 RJB-KLS<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom. Dkt. 9. The Court has considered the Report and Recommendation, Plaintiff's objections, and the remaining record.

In this § 1983 case, Plaintiff alleges in his Amended Complaint that his constitutional rights were violated when unnamed officers at the Pierce County, Washington jail did not allow him to shower immediately after he vomited and defecated all over himself. Dkt. 7, at 3. He asserts that the officers laughed at him. *Id.* Plaintiff also claims that C/O Lee took him to segregation on several occasions "for no reason upon arriving back from Western State." *Id.* He maintains that while in segregation he was not given "adequate food and medical care." *Id.*

ORDER ON REPORT AND
RECOMMENDATION- 1

Plaintiff's Amended Complaint does not state when these events occurred, but in his original proposed complaint, he indicated that they occurred in 2009. Dkt. 1.

On June 11, 2015, the instant Report and Recommendation was filed. Dkt. 9. It recommends dismissing Plaintiff's Amended Complaint because Plaintiff, despite being given an opportunity to amend his complaint and cure several deficiencies, fails to state a viable claim against the Pierce County Jail, his claims are barred by the statute of limitations, and he failed to exhaust his claims in accord with the Prison Litigation Reform Act 42 U.S.C. § 1997e(a). *Id.* The Report and Recommendation also recommends that this dismissal count as a strike pursuant to 28 U.S.C. § 1915(g). *Id.*

The Report and Recommendation (Dkt. 9) should be adopted. Plaintiff's case should be dismissed for the reasons stated in the Report and Recommendation. The dismissal should count as a strike under 28 U.S.C. § 1915(g).

Plaintiff filed three pleadings in response to the Report and Recommendation. Dkts. 10, 11 and 12. Plaintiff's responses do not provide a basis to reject the Report and Recommendation. In his first pleading, he inquires as to whether he still has to pay the filing fee despite having his case dismissed. Dkt. 10. Plaintiff must still pay the filing fee. 28 U.S.C. § 1915(e)(2) ("[n]ot withstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted" ).

Plaintiff also moves the Court reconsider the decision to count the dismissal as a strike. Dkt. 12. "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007).

ORDER ON REPORT AND
RECOMMENDATION- 2

1  "Prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule," found in 28 U.S.C. § 1915(g). *Id.,* at 1052. Under 28 U.S.C. § 1915(g),

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff's case here should be dismissed for failure to state a claim upon which relief may be granted as stated in the Report and Recommendation. Accordingly, the dismissal should be counted as a strike under 28 U.S.C. § 1915(g).

In response to the Report and Recommendation, Plaintiff also re-filed an application to proceed *in forma pauperis*. Dkt. 12. His initial application was granted on May 26, 2015 (Dkt. 4) and so this second application (Dkt. 12) should be stricken as moot.

It is **ORDERED** that:

- Plaintiff's second application to proceed *in forma pauperis* (Dkt. 12) **IS STRICKEN AS MOOT**;
- The Report and Recommendation (Dkt. 9) **IS ADOPTED**;
- This case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted; and
- This dismissal shall count as a **STRIKE** under 28 U.S.C. § 1915(g).

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate judge Karen L. Strombom, all counsel of record, and to any party appearing *pro se* at said party's last known address.

ORDER ON REPORT AND
RECOMMENDATION- 3

1    Dated this 29th day of June, 2015.

                                    ROBERT J. BRYAN
                                    United States District Judge