UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY PATU,

                    Plaintiff,

        v.

PIERCE COUNTY JAIL, C/O LEE,

                    Defendants.

CASE NO. 15-5332 RJB-KLS

ORDER

This matter comes before the Court on the Plaintiff's letter (Dkt. 19).  The Court has considered this pleading and remaining record.

On June 11, 2015, a Report and Recommendation was filed regarding this civil rights case.  Dkt. 9.  It recommended dismissing Plaintiff's Amended Complaint because Plaintiff, despite being given an opportunity to amend his complaint and cure several deficiencies, failed to state a viable claim against the Pierce County Jail, his claims are barred by the statute of limitations, and he failed to exhaust his claims in accord with the Prison Litigation Reform Act 42 U.S.C. § 1997e(a).  *Id.*  The Report and Recommendation also recommended that this

1  dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).  *Id.*  The Report and

2  Recommendation was adopted and the case was closed.  Dkt. 13.

3        On June 29, 2015, Plaintiff filed a letter demanding settlement of the case and that certain

4  parties "file a motion."  Dkt. 15.

5        To the extent Plaintiff intended this June 29, 2015 letter to be a motion, the motion was

6  denied because the case was closed.  Dkt 17.  Further, the motion was denied because Plaintiff

7  failed to identify any basis for his motion.  *Id.*

8        On July 1, 2015, Plaintiff filed a "Motion to Reopen Case" in which he stated that he

9  wanted the courts "to acknowledge [his] authentic claim of not being treated," and that he

10  wanted to file a motion regarding discovery.  Dkt. 16. This pleading also provided:  "please

11  acknowledge of dismissing my case of taking the strike off my federal record."  *Id.*

12        On July 6, 2015, Plaintiff's motion to reopen case was construed as a motion for

13  reconsideration and was denied.  Dkt 17.  Plaintiff was reminded that the case was closed.  *Id.*

14  He was informed that aside from a notice of appeal, further motions or pleadings Plaintiff filed in

15  this case would be docketed, but no further action will be taken on them.  *Id.*

16        On July 13, 2015, Plaintiff filed a fourth application to proceed IFP (Dkt. 18), despite the

17  fact that IFP was originally granted (Dkt. 4) when the case began.

18        Plaintiff sent another letter, dated July 16, 2015, which was received by the district court

19  in Seattle on July 24, 2015, and filed in the district court in Tacoma on July 28, 2015.  Dkt. 19.

20  In this July 28, 2015 letter, Plaintiff notes that some of his other cases were dismissed for failure

21  to state a claim, but were not counted as strikes under 28 U.S.C. § 1915(g).  *Id.*  The letter further

22  provides: "please notify me so we could rectify this small issue of properly disposing the

23  complaints."  *Id.*

24

1     In accord with the July 6, 2015 order, other than docket the pleadings, the Court did not

2 act on the fourth application to proceed IFP (Dkt. 18) or on the July 28, 2015 letter (Dkt. 19).

3     On January 6, 2016, Plaintiff filed a notice of appeal.  Dkt. 20.  On February 12, 2016,

4 the U.S. Court of Appeals for the Ninth Circuit issued an order, noting that Plaintiff's July 28,

5 2015 letter (Dkt. 19) appears to challenge this Court's June 29, 2015 judgment.  Dkt. 23.  It

6 ordered that proceedings there be held in abeyance pending this Court's consideration of whether

7 the July 28, 2015 letter is a timely filed motion under Fed. R. of Appellate Procedure 4 (a)(4),

8 and, if so, whether the motion should be granted or denied.  *Id.*

9     In light of the Ninth Circuit's order, the Court will consider Plaintiff's July 28, 2015

10 letter (Dkt. 19) and the Plaintiff's fourth application to proceed IFP (Dkt. 18).

11     Fed. R. of Appellate Procedure 4(a) provides: "[i]f a party timely files in the district court

12 any of the following motions under the Federal Rules of Civil Procedure, the time to file an

13 appeal runs for all parties from the entry of the order disposing of the last such remaining motion

14 . . . (4) to alter or amend the judgment under Rule 59."

15     **Timeliness**.  Under Fed. R. Civ. P. 59(e), "[a] motion to alter or amend a judgment must be

16 filed no later than 28 days after entry of the judgment."  Plaintiff's July 28, 2015 letter, received

17 by the district court in Seattle on July 24, 2015 is timely under Rule 59(e).  It was received by the

18 court less than 28 days after entry of the judgment.

19     **Motion Under Rule 59(e)**. "Amendment or alteration is appropriate under Rule 59(e) if (1)

20 the district court is presented with newly discovered evidence, (2) the district court committed

21 clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening

22 change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

23

24

1    To the extent that Plaintiff's July 28, 2015 letter (Dkt. 19) a moves for an alteration or

2  amendment of the June 29, 2015 judgment under Rule 59, the motion should be denied.  Plaintiff

3  did not present the Court with newly discovered evidence.  *Zimmerman,* at 740.  There is no

4  showing that the Court "committed clear error or made a decision that was manifestly unjust."

5  *Id.*  Under § 1915(g), "a dismissal without prejudice may count as a strike" as "long as the

6  dismissal is made because the action is frivolous, malicious, or fails to state a claim." *O'Neal v.*

7  *Price*, 531 F.3d 1146, 1154 (9th Cir. 2008) (*citing Day v. Maynard*, 200 F.3d 665, 667 (10th

8  Cir.1999)).  The dismissal without prejudice here was for failure to state a claim, and was

9  properly counted as a strike under § 1915.  Further, there is no showing that there was "an

10  intervening change in controlling law." *Zimmerman,* at 740.  Plaintiff provides no reasoning or

11  authority challenging the decision to dismiss the case or have the dismissal count as a strike. The

12  undersigned has no authority to alter the decisions or judgments in his other cases.  Plaintiff's

13  motion to amend or alter the judgment in this case under Rule 59(e) (Dkt. 19), to the extent he

14  makes one, should be denied.

15    **Fourth Motion to Proceed IFP**. Plaintiff's fourth application to proceed IFP (Dkt. 18)

16  should be stricken as moot.  IFP was granted when the case began. Dkt. 4.

17    It is **ORDERED** that:

18    • Plaintiff's fourth application to proceed IFP (Dkt. 18) is stricken as **MOOT**; and

19    • Plaintiff's July 28, 2015 letter, construed as a motion to alter or amend the

20    judgment under Rule 59(e), (Dkt. 19) **IS DENIED.**

21    The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate judge

22  Karen L. Strombom, all counsel of record, and to any party appearing *pro se* at said party's last

23  known address.

24

ORDER- 4

Dated this 24th day of February, 2016.

ROBERT J. BRYAN
United States District Judge